IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Christine M. Arguello

Civil Action No. 20-cv-01229-CMA-NYW

SHEN SHU,

     Plaintiff,

v.

DEPARTMENT OF HOMELAND SECURITY,
UNITED STATES CITIZENSHIP & IMMIGRATION SERVICES,
CHAD WOLF, Acting Secretary of Homeland Security,
KENNETH T. CUCCINELLI, Senior Official Performing the Duties of Director of United States Citizenship & Immigration Services,
ANDREW LAMBRECHT, Field Office Director, and
KRISTI BARROWS, District Director,

     Defendants.

## ORDER ADOPTING RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE

This matter is before the Court on the July 22, 2020 Recommendation (Doc. # 26) by United States Magistrate Nina Y. Wang, wherein Judge Wang recommends that this Court grant Defendants Department of Homeland Security, United States Citizenship and Immigration Services ("USCIS"), Chad Wolf, Kenneth Cuccinelli, Andrew Lambrecht, and Kristi Barrows's (collectively, "Defendants") Motion for Remand and Administrative Closure (the "Motion for Remand" or "Motion"), remand the matter to USCIS, and administratively close this case. (Doc. # 20.) The Recommendation is incorporated herein by reference. *See* 28 U.S.C. § 636(b)(1)(B);

Fed. R. Civ. P. 72(b).

On August 5, 2020, Defendants filed Defendants' Limited Objection to Recommendation of United States Magistrate Judge (ECF No. 26) ("Defendants' Objection"). (Doc. # 27.) Plaintiff did not object to the Recommendation or file a response to Defendants' Objection.

## I.  LEGAL STANDARDS

When a magistrate judge issues a recommendation on a dispositive matter, Federal Rule of Civil Procedure 72(b)(3) requires that the district judge "determine *de novo* any part of the magistrate judge's [recommended] disposition that has been properly objected to." An objection is properly made if it is both timely and specific. *United States v. One Parcel of Real Property Known As 2121 East 30th Street*, 73 F.3d 1057, 1059 (10th Cir. 1996). In conducting its review, "[t]he district judge may accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions." Fed. R. Civ. P. 72(b)(3).

In the absence of a timely objection, however, "the district court may review a magistrate [judge's] report under any standard it deems appropriate." *Summers v. Utah*, 927 F.2d 1165, 1167 (10th Cir. 1991) (citing *Thomas v. Arn*, 474 U.S. 140, 150 (1985) (stating that "[i]t does not appear that Congress intended to require district court review of a magistrate's factual or legal conclusions, under a de novo or any other standard, when neither party objects to those findings.")).

## II.  ANALYSIS

The Court's analysis will proceed in two steps. First, the Court will review the

portions of the Recommendation to which neither party objects in order to determine whether there are any clear errors in Judge Wang's findings and conclusions. Second, the Court will conduct a *de novo* review of the single portion of the Recommendation to which Defendants object.

## A.    CLEAR ERROR REVIEW

The Recommendation advised the parties that specific written objections were due within fourteen (14) days after being served with a copy of the Recommendation. (Doc. # 26 at 9.) Despite this advisement, neither party objected to the following determinations by Judge Wang:

- that remand is appropriate under the circumstances, particularly given "USCIS's expertise in the realm of immigration and naturalization and given that the Immigration and Naturalization Act places the naturalization decision primarily within the purview of the USCIS" (*id.* at 7) (collecting cases); and
- that the Court should administratively close this case with leave to re-open for good cause shown (*id.* at 9).

After reviewing the Recommendation of Judge Wang, in addition to applicable portions of the record and relevant legal authority, the Court concludes that Judge Wang's analyses and recommendations are correct, and "there is no clear error on the face of the record." Fed. R. Civ. P. 72 advisory committee's note. Therefore, the Court adopts the applicable portions of the Recommendation and grants Defendants' Motion for Remand in accordance with said portions of the Recommendation. *See Summers*,

927 F.2d at 1167 (explaining that in the absence of a timely objection, "the district court may review a magistrate [judge's] report under any standard it deems appropriate.").

## B.   *DE NOVO* REVIEW

Defendants' Objection was filed "solely for the purpose of clarifying one aspect of the Recommendation[.]" (Doc. # 27 at 1.) In the conclusion of her Recommendation, Judge Wang recommended that this matter be remanded to USCIS "for an initial decision on Mr. Shu's Form N-400 **and/or** a decision on any subsequent Form N-400 rendered no later than 90 days after the filing of that subsequent application[.]" (Doc. # 26 at 8–9) (emphasis added). Defendants assert that "to the extent the Magistrate Judge *may* have recommended that the [C]ourt issue a direct order requiring that USCIS adjudicate Shu's second, July 22, 2020 application within a 90-day timeframe— a point that is not clear from the 'and/or' language of the Recommendation . . .—that recommendation is in error and should not be adopted by the [C]ourt." (Doc. # 27 at 6.) Accordingly, Defendants aim to clarify whether USCIS would be compliant with the Court's order if takes one of the following two actions: (1) issues an initial decision on Plaintiff's original N-400, Application for Naturalization ("Form N-400"), which USCIS has represented that it can and will do within seven days of the date of remand; **or** (2) issues an initial decision on Plaintiff's subsequent naturalization application, which he filed on July 22, 2020, within 90 days of such filing, or by October 20, 2020. (*Id.* at 2.)

Upon review of the Recommendation, the Court agrees with Defendants. By statute, USCIS has 120 days from the date of the applicant's naturalization interview, which has not yet been conducted, to complete the adjudication process before this

4

Court can assume jurisdiction over the matter. *See* 8 U.S.C. § 1447(b). Therefore, this Court presently does not have jurisdiction over Plaintiff's naturalization application filed on July 22, 2020, and it may not order USCIS to issue an initial decision on that application within 90 days of the application's filing. The Court adopts Defendants' construction of the Recommendation to avoid this jurisdictional issue.

### III.   CONCLUSION

For the foregoing reasons, it is ORDERED as follows:

- the Recommendation of United States Magistrate Judge (Doc. # 26) is AFFIRMED and ADOPTED as an Order of this Court;
- Defendants' Motion for Remand (Doc. # 20) is hereby GRANTED;
- this matter is REMANDED to the United States Citizenship and Immigration Services for an initial decision on Mr. Shu's Form N-400, which USCIS shall issue by October 19, 2020; and
- The Clerk of the Court is directed to ADMINISTRATIVELY CLOSE the above-referenced civil action for one year, **until October 6, 2021**, at which time this case will be dismissed entirely, unless one or both of the parties file a motion prior to that date to re-open for good cause shown.

DATED:  October 6, 2020

BY THE COURT:

_____
CHRISTINE M. ARGUELLO
United States District Judge